United States District Court
For The Southern District of Florida

Lynne Kaufman,

    Plaintiff,

vs.

                                Civil Action No.

Bank of America, National Association,

    Defendant.
_____/

**Complaint and Demand for Jury Trial**

    Plaintiff, LYNNE KAUFMAN, sues Defendant, BANK OF AMERICA, NATIONAL ASSOCIATION, for monetary relief, including attorney fees and costs, and respectfully demands judgment against the Defendant on all claims pled against it in this complaint. Plaintiff brings this action under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605, and its implementing regulation, Regulation X, 12 C.F.R § 1024 ("Regulation X"), for violations of RESPA. The ultimate facts supporting Plaintiff's entitlement to the requested relief are articulated in the numbered paragraphs below.

Jurisdiction, Venue, and Parties

    1.    This Court has subject matter jurisdiction over Plaintiff's claim under the RESPA and Regulation X pursuant to 12 U.S.C. § 2614.

    2.    Venue is proper in the United States District for the Southern District of Florida under 12 U.S.C. § 2614 because it is the district in which the property involved is located.

    3.    Plaintiff is Florida resident residing in Broward County, Florida.

4. Defendant is a corporation with its principal place of business in the State of North Carolina. At all times material to this action, Defendant regularly transacted business in the state of Florida.

Introduction

5. In January 2013, the Consumer Finance Protection Bureau ("CFPB") issued a number of final rules concerning mortgage markets in the United States, pursuant to the Dodd-Frank Wall Street Reform and Consumer Protection Act ("DFA"), Public Law No. 111-203, 124 Stat. 1376 (2010).

6. Specifically, on July 10, 2013, the CFPB issued mortgage rules under Regulation Z and Regulation X pursuant to its authority under the DFA, which became effective on January 10, 2014.

7. Defendant is a loan "servicer" of the Plaintiff's "federally related mortgage loan" as those terms are defined in the RESPA, 12 U.S.C. § 2602(1) and 12 U.S.C. § 2605(i)(2) (the "Loan"). Defendant receives payments from consumers and is responsible for distributing those payments to the investors who own the consumers' loans and, when the consumers' loans include escrow accounts, to the consumers' taxing authorities or insurance companies. Thus, it is a servicer within the meaning of RESPA. 12 C.F.R. § 1025.2(b). Thus, the Defendant is subject to the servicing requirements provided for in the RESPA and Regulation X.

8. RESPA and Regulation X are applicable to all "federally related mortgage loans", which include any loans secured by a first or subordinate lien on residential real property upon which a one-to-four family structure is located and which is made in whole or in part by any lender that is either regulated by or whose deposits or accounts are insured by an agency of the Federal

Government. *See* 12 C.F.R. § 1024.2. Accordingly, Plaintiff's Mortgage is a "federally related mortgage loan" as defined in Regulation X. *Id.*

9. Plaintiff is asserting a claim for relief against Defendant for breaches of the specific rules under Regulation X as set forth below.

10. Plaintiff has a private right of action under RESPA pursuant to 12 U.S.C. § 2605(f) for the claimed breaches and such action provides for remedies including actual damages, statutory damages, attorneys' fees and costs.

Factual Allegations

11. On or about June 10, 2005, Plaintiff executed a promissory note and mortgage in favor of Countrywide Home Loans, Inc. for the real property located at 6424 96th PL S, Boynton Beach, FL 33457 (the "Property").

12. On or about September 30, 2014, Plaintiff sent to Defendant a Request for Information requesting certain information relating to her mortgage loan with Defendant (the "September 30th RFI"). A copy of the September 30th RFI is attached as Exhibit "A".

13. On or about October 8, 2014, Plaintiff sent to Defendant a Request for Information requesting certain information relating to her mortgage loan with Defendant (the "October 8th RFI"). A copy of the September 30th RFI is attached as Exhibit "B".

14. On or about October 27th, 2014, Plaintiff sent to Defendant a Request for Information requesting certain information relating to her mortgage loan with Defendant (the "October 27th RFI"). A copy of the October 27th RFI is attached as Exhibit "C".

15. On or about December 10, 2014, Plaintiff sent to Defendant a Request for Information requesting certain information relating to her mortgage loan with Defendant (the "December 10th RFI"). A copy of the December 10th RFI is attached as Exhibit "D".

16.     On or about January 25th, 2016, Plaintiff sent to Defendant a Request for Information/Notice of Error requesting certain information relating to her mortgage loan with Defendant and notifying Defendant of past errors relating to the servicing of her mortgage loan (the "January 25th RFI/NOE"). A copy of the January 25th RFI/NOE is attached as Exhibit "E".

17.     On or about June 27th, 2016, Plaintiff sent to Defendant a Request for Information/Notice of Error requesting certain information relating to her mortgage loan with Defendant and notifying Defendant of past errors relating to the servicing of her mortgage loan (the "June 27th RFI/NOE"). A copy of the June 27th RFI/NOE is attached as Exhibit "F".

18.     On or about July 16, 2016, Plaintiff sent to Defendant a Notice of Error notifying the Defendant of its past errors in not properly responding to the Plaintiff's prior Requests for Information (the "July 16th NOE"). A copy of the July 16th NOE is attached as Exhibit "G".

### Count I – Failure to Respond to September 30, 2014 Request for Information
### Violation of Regulation X, Section 12 C.F.R. § 1024.36(d)

19.     Plaintiff incorporates the allegations in paragraphs 1-18 above into this count for damages.

20.     Regulation X section 1024.36(d)(1) provides that a "servicer must respond to an information request by either: (i) [p]roviding the borrower with the requested information and contact information, including telephone number, for further assistance in writing; or (ii) [c]onducting a reasonable search for the requested information and providing the borrower with a written notification that states that the servicer has determined that the requested information is not available to the servicer, provides the basis for the servicer's determination, and provides contact information, including a telephone number, for further assistance." 12 C.F.R. § 1024.36(d)(1).

21. Regulation X section 1024.36(d)(2) provides that a servicer must comply with the requirements in section 1024.36(d)(1) not later than 30 days (excluding legal public holidays, Saturdays, and Sundays) for all requests for information other than requests for the identity of the owner of assignee of a mortgage loan. 12 C.F.R. § 1024.36(d)(2)(i)(B).

22. Further, 12 C.F.R. § 1024.36(d)(2)(ii) provides:

> "(ii) Extension of time limit. For requests for information governed by the time limit set forth in paragraph (d)(2)(i)(B) of this section, a servicer may extend the time period for responding by an additional 15 days (excluding legal public holidays, Saturdays, and Sundays) if, before the end of the 30-day period, the servicer notifies the borrower of the extension and the reasons for the extension in writing. A servicer may not extend the time period for requests for information governed by paragraph (d)(2)(i)(A) of this section."

23. Plaintiff sent to Defendant a Request for Information on September 30, 2014 requesting certain information pertaining to her mortgage loan. See Exhibit "A".

24. Defendant failed to properly, timely, and adequately respond to Plaintiff's September 30th RFI and is therefore in violation of 12 C.F.R. § 1024.36(d).

25. As a result of Defendant's violation, Plaintiff incurred damages when it was forced to send subsequent requests for information and notices of error either requesting the same documentation or notifying the Defendant of errors it committed in not properly replying to prior requests for information. See Exhibits "B-G"

26. As a result, Plaintiff incurred actual damages in the form of (1) costs and legal fees incurred to prepare each subsequent request for information and subsequent notices of error, including the October 8th RFI, October 27th RFI, December 10th RFI, January 25th RFI/NOE, June 27th RFI/NOE, and July 16th NOE; (2) costs incurred in connection with the photocopying and mailing of the requests for information and notices of error; (3) costs incurred in the form of time spent, transportation costs, and other expenses incurred during the process of obtaining the

Defendant's compliance with Regulation X. Further, Plaintiff alleges that Defendant's actions or lack of actions with respect to this particular count together with those alleged in the remaining counts in this complaint are tantamount to a case of a pattern or practice of noncompliance with the requirements of the RESPA and Regulation X, allowing for the recovery of statutory damages pursuant to 12 U.S.C. § 2605(f).

27. Accordingly, Plaintiff is entitled to both actual and statutory damages together with prevailing party attorneys' fees and costs pursuant to 12 U.S.C. § 2605(f).

### Count II – Failure to Respond to October 8th, 2014 Request for Information
### Violation of Regulation X, Section 12 C.F.R. § 1024.36(d)

28. Plaintiff incorporates the allegations in paragraphs 1-18 above into this count for damages.

29. Regulation X section 1024.36(d)(1) provides that a "servicer must respond to an information request by either: (i) [p]roviding the borrower with the requested information and contact information, including telephone number, for further assistance in writing; or (ii) [c]onducting a reasonable search for the requested information and providing the borrower with a written notification that states that the servicer has determined that the requested information is not available to the servicer, provides the basis for the servicer's determination, and provides contact information, including a telephone number, for further assistance." 12 C.F.R. § 1024.36(d)(1).

30. Regulation X section 1024.36(d)(2) provides that a servicer must comply with the requirements in section 1024.36(d)(1) not later than 30 days (excluding legal public holidays, Saturdays, and Sundays) for all requests for information other than requests for the identity of the owner of assignee of a mortgage loan. 12 C.F.R. § 1024.36(d)(2)(i)(B).

31. Further, 12 C.F.R. § 1024.36(d)(2)(ii) provides:

> "(ii) Extension of time limit. For requests for information governed by the time limit set forth in paragraph (d)(2)(i)(B) of this section, a servicer may extend the time period for responding by an additional 15 days (excluding legal public holidays, Saturdays, and Sundays) if, before the end of the 30-day period, the servicer notifies the borrower of the extension and the reasons for the extension in writing. A servicer may not extend the time period for requests for information governed by paragraph (d)(2)(i)(A) of this section."

32. Plaintiff sent to Defendant a Request for Information on October 8, 2014 requesting certain information pertaining to her mortgage loan. See Exhibit "B".

33. Defendant failed to properly, timely, and adequately respond to Plaintiff's October 8th RFI and is therefore in violation of 12 C.F.R. § 1024.36(d).

34. As a result of Defendant's violation, Plaintiff incurred damages when it was forced to send subsequent requests for information and notices of error either requesting the same documentation or notifying the Defendant of errors it committed in not properly replying to prior requests for information. See Exhibits "C-G"

35. As a result, Plaintiff incurred actual damages in the form of (1) costs and legal fees incurred to prepare each subsequent request for information and subsequent notices of error, including the October 27th RFI, December 10th RFI, January 25th RFI/NOE, June 27th RFI/NOE, and July 16th NOE; (2) costs incurred in connection with the photocopying and mailing of the requests for information and notices of error; (3) costs incurred in the form of time spent, transportation costs, and other expenses incurred during the process of obtaining the Defendant's compliance with Regulation X. Further, Plaintiff alleges that Defendant's actions or lack of actions with respect to this particular count together with those alleged in the remaining counts in this complaint are tantamount to a case of a pattern or practice of noncompliance with the requirements of the RESPA and Regulation X, allowing for the recovery of statutory damages pursuant to 12 U.S.C. § 2605(f).

36. Accordingly, Plaintiff is entitled to both actual and statutory damages together with prevailing party attorneys' fees and costs pursuant to 12 U.S.C. § 2605(f).

**Count III – Failure to Respond to October 27, 2014 Request for Information
Violation of Regulation X, Section 12 C.F.R. § 1024.36(d)**

37. Plaintiff incorporates the allegations in paragraphs 1-18 above into this count for damages.

38. Regulation X section 1024.36(d)(1) provides that a "servicer must respond to an information request by either: (i) [p]roviding the borrower with the requested information and contact information, including telephone number, for further assistance in writing; or (ii) [c]onducting a reasonable search for the requested information and providing the borrower with a written notification that states that the servicer has determined that the requested information is not available to the servicer, provides the basis for the servicer's determination, and provides contact information, including a telephone number, for further assistance." 12 C.F.R. § 1024.36(d)(1).

39. Regulation X section 1024.36(d)(2) provides that a servicer must comply with the requirements in section 1024.36(d)(1) not later than 30 days (excluding legal public holidays, Saturdays, and Sundays) for all requests for information other than requests for the identity of the owner of assignee of a mortgage loan. 12 C.F.R. § 1024.36(d)(2)(i)(B).

40. Further, 12 C.F.R. § 1024.36(d)(2)(ii) provides:

"(ii) Extension of time limit. For requests for information governed by the time limit set forth in paragraph (d)(2)(i)(B) of this section, a servicer may extend the time period for responding by an additional 15 days (excluding legal public holidays, Saturdays, and Sundays) if, before the end of the 30-day period, the servicer notifies the borrower of the extension and the reasons for the extension in writing. A servicer may not extend the time period for requests for information governed by paragraph (d)(2)(i)(A) of this section."

41. Plaintiff sent to Defendant a Request for Information on October 27, 2014 requesting certain information pertaining to her mortgage loan. See Exhibit "C".

42. Defendant failed to properly, timely, and adequately respond to Plaintiff's October 27th RFI and is therefore in violation of 12 C.F.R. § 1024.36(d).

43. As a result of Defendant's violation, Plaintiff incurred damages when it was forced to send subsequent requests for information and notices of error either requesting the same documentation or notifying the Defendant of errors it committed in not properly replying to prior requests for information. See Exhibits "D-G"

44. As a result, Plaintiff incurred actual damages in the form of (1) costs and legal fees incurred to prepare each subsequent request for information and subsequent notices of error, including the December 10th RFI, January 25th RFI/NOE, June 27th RFI/NOE, and July 16th NOE; (2) costs incurred in connection with the photocopying and mailing of the requests for information and notices of error; (3) costs incurred in the form of time spent, transportation costs, and other expenses incurred during the process of obtaining the Defendant's compliance with Regulation X. Further, Plaintiff alleges that Defendant's actions or lack of actions with respect to this particular count together with those alleged in the remaining counts in this complaint are tantamount to a case of a pattern or practice of noncompliance with the requirements of the RESPA and Regulation X, allowing for the recovery of statutory damages pursuant to 12 U.S.C. § 2605(f).

45. Accordingly, Plaintiff is entitled to both actual and statutory damages together with prevailing party attorneys' fees and costs pursuant to 12 U.S.C. § 2605(f).

**Count IV – Failure to Respond to December 10, 2014 Request for Information
Violation of Regulation X, Section 12 C.F.R. § 1024.36(d)**

46. Plaintiff incorporates the allegations in paragraphs 1-18 above into this count for damages.

47. Regulation X section 1024.36(d)(1) provides that a "servicer must respond to an information request by either: (i) [p]roviding the borrower with the requested information and contact information, including telephone number, for further assistance in writing; or (ii) [c]onducting a reasonable search for the requested information and providing the borrower with a written notification that states that the servicer has determined that the requested information is not available to the servicer, provides the basis for the servicer's determination, and provides contact information, including a telephone number, for further assistance." 12 C.F.R. § 1024.36(d)(1).

48. Regulation X section 1024.36(d)(2) provides that a servicer must comply with the requirements in section 1024.36(d)(1) not later than 30 days (excluding legal public holidays, Saturdays, and Sundays) for all requests for information other than requests for the identity of the owner of assignee of a mortgage loan. 12 C.F.R. § 1024.36(d)(2)(i)(B).

49. Further, 12 C.F.R. § 1024.36(d)(2)(ii) provides:

"(ii) Extension of time limit. For requests for information governed by the time limit set forth in paragraph (d)(2)(i)(B) of this section, a servicer may extend the time period for responding by an additional 15 days (excluding legal public holidays, Saturdays, and Sundays) if, before the end of the 30-day period, the servicer notifies the borrower of the extension and the reasons for the extension in writing. A servicer may not extend the time period for requests for information governed by paragraph (d)(2)(i)(A) of this section."

50. Plaintiff sent to Defendant a Request for Information on December 10, 2014 requesting certain information pertaining to her mortgage loan. See Exhibit "D".

51. Defendant failed to properly, timely, and adequately respond to Plaintiff's December 10th RFI and is therefore in violation of 12 C.F.R. § 1024.36(d).

52. As a result of Defendant's violation, Plaintiff incurred damages when it was forced to send subsequent requests for information and notices of error either requesting the same

documentation or notifying the Defendant of errors it committed in not properly replying to prior requests for information. See Exhibits "E-G"

53. As a result, Plaintiff incurred actual damages in the form of (1) costs and legal fees incurred to prepare each subsequent request for information and subsequent notices of error, including the January 25th RFI/NOE, June 27th RFI/NOE, and July 16th NOE; (2) costs incurred in connection with the photocopying and mailing of the requests for information and notices of error; (3) costs incurred in the form of time spent, transportation costs, and other expenses incurred during the process of obtaining the Defendant's compliance with Regulation X. Further, Plaintiff alleges that Defendant's actions or lack of actions with respect to this particular count together with those alleged in the remaining counts in this complaint are tantamount to a case of a pattern or practice of noncompliance with the requirements of the RESPA and Regulation X, allowing for the recovery of statutory damages pursuant to 12 U.S.C. § 2605(f).

54. Accordingly, Plaintiff is entitled to both actual and statutory damages together with prevailing party attorneys' fees and costs pursuant to 12 U.S.C. § 2605(f).

**Count V – Failure to Respond to January 25th Request for Information/Notice of Error
Violation of Regulation X, Section 12 C.F.R. § 1024.36(d)**

55. Plaintiff incorporates the allegations in paragraphs 1-18 above into this count for damages.

56. Regulation X section 1024.36(d)(1) provides that a "servicer must respond to an information request by either: (i) [p]roviding the borrower with the requested information and contact information, including telephone number, for further assistance in writing; or (ii) [c]onducting a reasonable search for the requested information and providing the borrower with a written notification that states that the servicer has determined that the requested information is not available to the servicer, provides the basis for the servicer's determination, and provides

contact information, including a telephone number, for further assistance." 12 C.F.R. § 1024.36(d)(1).

57. Regulation X section 1024.36(d)(2) provides that a servicer must comply with the requirements in section 1024.36(d)(1) not later than 30 days (excluding legal public holidays, Saturdays, and Sundays) for all requests for information other than requests for the identity of the owner of assignee of a mortgage loan. 12 C.F.R. § 1024.36(d)(2)(i)(B).

58. Further, 12 C.F.R. § 1024.36(d)(2)(ii) provides:

"(ii) Extension of time limit. For requests for information governed by the time limit set forth in paragraph (d)(2)(i)(B) of this section, a servicer may extend the time period for responding by an additional 15 days (excluding legal public holidays, Saturdays, and Sundays) if, before the end of the 30-day period, the servicer notifies the borrower of the extension and the reasons for the extension in writing. A servicer may not extend the time period for requests for information governed by paragraph (d)(2)(i)(A) of this section."

59. Plaintiff sent to Defendant a Request for Information/Notice of Error on January 25, 2016 requesting certain information pertaining to her mortgage loan. See Exhibit "E".

60. Defendant failed to properly, timely, and adequately respond to Plaintiff's January 25th RFI/NOE and is therefore in violation of 12 C.F.R. § 1024.36(d).

61. As a result of Defendant's violation, Plaintiff incurred damages when it was forced to send subsequent requests for information and notices of error either requesting the same documentation or notifying the Defendant of errors it committed in not properly replying to prior requests for information. See Exhibits "F" and "G"

62. As a result, Plaintiff incurred actual damages in the form of (1) costs and legal fees incurred to prepare each subsequent request for information and subsequent notices of error, including the June 27th RFI/NOE and July 16th NOE; (2) costs incurred in connection with the photocopying and mailing of the requests for information and notices of error; (3) costs incurred

in the form of time spent, transportation costs, and other expenses incurred during the process of obtaining the Defendant's compliance with Regulation X. Further, Plaintiff alleges that Defendant's actions or lack of actions with respect to this particular count together with those alleged in the remaining counts in this complaint are tantamount to a case of a pattern or practice of noncompliance with the requirements of the RESPA and Regulation X, allowing for the recovery of statutory damages pursuant to 12 U.S.C. § 2605(f).

63. Accordingly, Plaintiff is entitled to both actual and statutory damages together with prevailing party attorneys' fees and costs pursuant to 12 U.S.C. § 2605(f).

### Count VI – Failure to Respond to January 25th Request for Information/Notice of Error
### Violation of Regulation X, Section 12 C.F.R. § 1024.35(e)

64. Plaintiff incorporates the allegations in paragraphs 1-18 above into this count for damages.

65. Section 1024.35(e)(1)(i) provides that a servicer must respond to a notice of error by either "[c]orrecting the error or errors identified by the borrower and providing the borrower with a written notification of the correction …" or "[c]onducting a reasonable investigation and providing the borrower with a written notification that includes a statement that the servicer has determined that no error occurred…." 12 C.F.R. § 1024.35(e)(1)(i)(B).

66. The section requires that the servicer respond to a notice asserting errors not under paragraphs (b)(9) and (10) "not later than 30 days (excluding legal public holidays, Saturdays, and Sundays) after the servicer receives the applicable notice of error." 12 C.F.R. § 1024.35(e)(3)(i)(C).

67. Plaintiff sent to Defendant a notice of error on or about January 25, 2016. See Exhibit "E".

68. The Defendant has failed to either correct the error provided for in the January 25th RFI/NOE or provide a response stating that it determined that no error occurred within the applicable amount of time as required by Regulation X and is therefore in violation of Regulation X. 12 C.F.R. § 1024.35(e).

69. As a result, Plaintiff incurred actual damages in the form of (1) costs and legal fees incurred to prepare each subsequent request for information and subsequent notices of error, including the June 27th RFI/NOE and July 16th NOE; (2) costs incurred in connection with the photocopying and mailing of the requests for information and notices of error; (3) costs incurred in the form of time spent, transportation costs, and other expenses incurred during the process of obtaining the Defendant's compliance with Regulation X. Further, Plaintiff alleges that Defendant's actions or lack of actions with respect to this particular count together with those alleged in the remaining counts in this complaint are tantamount to a case of a pattern or practice of noncompliance with the requirements of the RESPA and Regulation X, allowing for the recovery of statutory damages pursuant to 12 U.S.C. § 2605(f).

70. Accordingly, Plaintiff is entitled to both actual and statutory damages together with prevailing party attorneys' fees and costs pursuant to 12 U.S.C. § 2605(f).

**Count VII – Failure to Respond to June 27th Request for Information/Notice of Error Violation of Regulation X, Section 12 C.F.R. § 1024.36(d)**

71. Plaintiff incorporates the allegations in paragraphs 1-18 above into this count for damages.

72. Regulation X section 1024.36(d)(1) provides that a "servicer must respond to an information request by either: (i) [p]roviding the borrower with the requested information and contact information, including telephone number, for further assistance in writing; or (ii) [c]onducting a reasonable search for the requested information and providing the borrower with a

written notification that states that the servicer has determined that the requested information is not available to the servicer, provides the basis for the servicer's determination, and provides contact information, including a telephone number, for further assistance." 12 C.F.R. § 1024.36(d)(1).

73. Regulation X section 1024.36(d)(2) provides that a servicer must comply with the requirements in section 1024.36(d)(1) not later than 30 days (excluding legal public holidays, Saturdays, and Sundays) for all requests for information other than requests for the identity of the owner of assignee of a mortgage loan. 12 C.F.R. § 1024.36(d)(2)(i)(B).

74. Further, 12 C.F.R. § 1024.36(d)(2)(ii) provides:

"(ii) Extension of time limit. For requests for information governed by the time limit set forth in paragraph (d)(2)(i)(B) of this section, a servicer may extend the time period for responding by an additional 15 days (excluding legal public holidays, Saturdays, and Sundays) if, before the end of the 30-day period, the servicer notifies the borrower of the extension and the reasons for the extension in writing. A servicer may not extend the time period for requests for information governed by paragraph (d)(2)(i)(A) of this section."

75. Plaintiff sent to Defendant a Request for Information/Notice of Error on June 27th, 2016 requesting certain information pertaining to her mortgage loan. See Exhibit "F".

76. Defendant failed to properly, timely, and adequately respond to Plaintiff's June 27th RFI/NOE and is therefore in violation of 12 C.F.R. § 1024.36(d).

77. As a result of Defendant's violation, Plaintiff incurred damages when it was forced to send subsequent requests for information and notices of error either requesting the same documentation or notifying the Defendant of errors it committed in not properly replying to prior requests for information. See Exhibit "G"

78. As a result, Plaintiff incurred actual damages in the form of (1) costs and legal fees incurred to prepare each subsequent request for information and subsequent notices of error,

including the July 16th NOE; (2) costs incurred in connection with the photocopying and mailing of the requests for information and notices of error; (3) costs incurred in the form of time spent, transportation costs, and other expenses incurred during the process of obtaining the Defendant's compliance with Regulation X. Further, Plaintiff alleges that Defendant's actions or lack of actions with respect to this particular count together with those alleged in the remaining counts in this complaint are tantamount to a case of a pattern or practice of noncompliance with the requirements of the RESPA and Regulation X, allowing for the recovery of statutory damages pursuant to 12 U.S.C. § 2605(f).

79. Accordingly, Plaintiff is entitled to both actual and statutory damages together with prevailing party attorneys' fees and costs pursuant to 12 U.S.C. § 2605(f).

**Count VIII – Failure to Respond to June 27th Request for Information/Notice of Error Violation of Regulation X, Section 12 C.F.R. § 1024.35(e)**

80. Plaintiff incorporates the allegations in paragraphs 1-18 above into this count for damages.

81. Section 1024.35(e)(1)(i) provides that a servicer must respond to a notice of error by either "[c]orrecting the error or errors identified by the borrower and providing the borrower with a written notification of the correction …" or "[c]onducting a reasonable investigation and providing the borrower with a written notification that includes a statement that the servicer has determined that no error occurred…." 12 C.F.R. § 1024.35(e)(1)(i)(B).

82. The section requires that the servicer respond to a notice asserting errors not under paragraphs (b)(9) and (10) "not later than 30 days (excluding legal public holidays, Saturdays, and Sundays) after the servicer receives the applicable notice of error." 12 C.F.R. § 1024.35(e)(3)(i)(C).

83. Plaintiff sent to Defendant a notice of error on or about June 27th, 2016. See Exhibit "F".

84. The Defendant has failed to either correct the error provided for in the June 27th RFI/NOE or provide a response stating that it determined that no error occurred within the applicable amount of time as required by Regulation X and is therefore in violation of Regulation X. 12 C.F.R. § 1024.35(e).

85. As a result, Plaintiff incurred actual damages in the form of (1) costs and legal fees incurred to prepare each subsequent request for information and subsequent notices of error, including the July 16th NOE; (2) costs incurred in connection with the photocopying and mailing of the requests for information and notices of error; (3) costs incurred in the form of time spent, transportation costs, and other expenses incurred during the process of obtaining the Defendant's compliance with Regulation X. Further, Plaintiff alleges that Defendant's actions or lack of actions with respect to this particular count together with those alleged in the remaining counts in this complaint are tantamount to a case of a pattern or practice of noncompliance with the requirements of the RESPA and Regulation X, allowing for the recovery of statutory damages pursuant to 12 U.S.C. § 2605(f).

86. Accordingly, Plaintiff is entitled to both actual and statutory damages together with prevailing party attorneys' fees and costs pursuant to 12 U.S.C. § 2605(f).

## **Prayer for Relief**

Wherefore, Plaintiff demands final judgment against Bank of America, National Association providing for all of the following:

    a. awarding actual damages that have been and may be proximately caused by Bank of America's violation of RESPA and Regulation X;

    b. statutory damages under RESPA for Bank of America's pattern and practice of non-compliance;

    c. prevailing party attorneys' fees and costs under 12 U.S.C. § 2605(f);

    d. awarding any further relief available under the law.

## **Jury Demand**

Plaintiff hereby requests a trial by jury on all issues, with the maximum number of jurors permitted by law.

_____
June 26, 2017
Miami, FL

        Respectfully submitted,

        Ruzy Behnejad
        Florida Bar No. 111894
        ruzy@behnejadlaw.com
        Behnejad Law PLLC
        8724 Sunset Drive #261
        Miami, FL 33173
        Tel: 786.554.3999
        Attorney for Plaintiff

        */s/ Ruzy Behnejad*
        Ruzy Behnejad
        Florida Bar No. 111894